# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| INSOLVENCY SERVICES GROUP, INC., as Assignee for the Benefit of Creditors or CVE Technology Group, Inc., <br><br>    *Plaintiff*, <br><br>v. <br><br>iMOBILE TECHNOLOGY, LLC and DOES 1-10, <br><br>    *Defendants*. | § § § § § § § § § § § § § <br><br> CIVIL ACTION NO.  4:20-CV-00742 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant iMobile Technology, LLC's Motion to Dismiss for Failure to State a Claim on Which Relief Can be Granted Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. #5).  Having considered the motion and the relevant pleadings, the Court finds that Defendant's motion should be **DENIED**.

## BACKGROUND

This case arises from an assignment (the "Assignment") allegedly made under California law[1] to Plaintiff by CVE Technology Group, Inc. ("CVE").  The Assignment thereby created an assignment estate, which Plaintiff was appointed to administer.

---

[1] Plaintiffs assert the Assignment was made "for the benefit of creditors under California law to Plaintiff" (Dkt. #1 at p. 2).  Defendant does not concede that California law applies, but merely notes that "Plaintiff claims to have obtained a 'general assignment [from CVE] . . . for the benefit of creditors under California Law'" (Dkt. #5 at p. 4).  Plaintiff has not filed the Assignment with the Court.  Thus, the Court does not definitively determine whether California law governs.  Rather, the Parties may contest the application of California law at the summary-judgment stage.  The Court proceeds with its analysis assuming, but not deciding, California law applies.

According to Plaintiff, "CVE made one or more transfers by check, wire transfer or its equivalent in an aggregate amount not less than $234,674 (the 'Transfers') directly to, or for the benefit of, the Defendants herein" during the preference period[2]—"on or within 90 days before the Assignment Date" (Dkt. #1 at p. 3). Plaintiff alleges the transfers were made despite CVE's insolvency, and, among other monetary damages, Plaintiff seeks to have the Transfers voided and set aside. Defendant contends, however, that payments were made in accordance with purchase orders placed by CVE that "result[ed] in shipments of the purchased equipment" (Dkt. #5 at p. 3).

On October 28, 2020, Defendant filed the present motion (Dkt. #5). On December 7, 2020, Plaintiff filed its response (Dkt. #12). On December 14, 2020, Defendant filed its reply (Dkt. #15). On December 21, 2020, Plaintiff filed its sur-reply (Dkt. #16). On December 28, 2020, Defendant filed its sur-reply (Dkt. #17). On January 5, 2021, Plaintiff filed its second sur-reply (Dkt. #22).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to

---

[2] The dates of the preference period include between July 4, 2019, and October 2, 2019.

dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

3

## ANALYSIS

Defendant contends that Plaintiff has not stated a claim on which relief can be granted and that the Court should dismiss the action under Rule 12(b)(6). In support, Defendant asserts the Complaint "is based entirely upon California Code of Civil Procedure §§ 1800 et seq." and "that statute is preempted by 11 U.S.C. § 547 of the Bankruptcy Code" (Dkt. #5 at p. 8). Further, Defendant claims Plaintiff failed to plead that written notice was given to Defendant under California Code of Civil Procedure § 1802(a) and § 1802(b), that California Code of Civil Procedure § 1800 does not provide recovery of transfers to creditors for the specific reason pleaded by Plaintiff, and that Plaintiff failed to plead multiple other bases for recovery properly.

Plaintiff argues that dismissal at this stage is improper. Plaintiff states that the preemption case cited by Defendant from the Ninth Circuit—*Sherwood Partners, Inc. v. Lycos, Inc.*, 394 F.3d 1198 (9th Cir. 2005)—does not and should not apply. Further, Plaintiff asserts that Defendant's other arguments are improper for decision at the 12(b)(6) stage.

As a threshold matter, the Court notes that "[f]ederal preemption is an affirmative defense that a defendant must plead and prove." *Fisher v. Halliburton*, 667 F.3d 602, 609 (5th Cir. 2012) (collecting cases). Further, "[u]nless the complaint itself establishes the applicability of a federal-preemption defense—in which case the issue may properly be the subject of a Rule 12(b)(6) motion—a defendant should ordinarily raise preemption in a Rule 12(c) motion for judgment on the pleadings or a Rule 56 motion for summary judgment." *Id.* (first citing *Kansa Reinsurance Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994); and then citing *Mosley v. Bd. Of Educ. of Chi.*, 434 F.3d 527, 533 (7th Cir. 2006)). The Court does not find the existence of a "successful affirmative defense" "on the face of the complaint" sufficient to warrant

dismissal due to federal preemption under Rule 12(b)(6). *PCO Carbon Dioxide Prod., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006).

After reviewing the complaint and relevant motion, response, reply, and sur-replies, the Court finds that Plaintiff has adequately stated at least a plausible claim upon which relief could be granted. Accordingly, Plaintiff's pleadings are sufficient to survive a motion to dismiss under 12(b)(6).

## CONCLUSION

It is therefore **ORDERED** Defendant iMobile Technology, LLC's Motion to Dismiss for Failure to State a Claim on Which Relief Can be Granted Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. #5) is hereby **DENIED**.

**SIGNED this 12th day of January, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE